# UNITED STATES DISTRICT COURT
### for the
### District of Arizona

| | |
|---|---|
| In the Matter of the Search of<br>10448 West Devonshire Avenue, Phoenix, Arizona 85037. | Case No. 26-8071MB<br><br>**(Filed Under Seal)** |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the District of Arizona:

### As further described in Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal:

### As set forth in Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before _3-6-26_ (*not to exceed 14 days*) ☒ in the daytime 6:00 a.m. to 10:00 p.m. ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to <u>any United States Magistrate Judge on criminal duty in the District of Arizona.</u>

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized ☐ for _30_ days (*not to exceed 30*) ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:  _2-20-26  3:13pm_         _____
                                                          *Judge's signature*

City and state: <u>Phoenix, Arizona</u>          <u>Honorable John Z. Boyle, U.S. Magistrate Judge</u>
                                                 *Printed name and title*

## ATTACHMENT A-1

The property to be searched is the **Subject Premises,** located at 10448 West Devonshire Avenue in Phoenix, Arizona 85037, as well as its curtilage and any outbuildings or structures. 10448 West Devonshire is a single family structure, located on the north side of Devonshire Avenue. 10448 West Devonshire is located to the west of North 104th Drive, and East of North 105th Drive. 10448 West Devonshire has tan stucco and white trim. The front door of the residence faces south. There is a window on each side of the door, and a carport on the west side of the residence.

 

The **Subject Vehicle,** identified as a black 2009 Jeep Grand Cherokee with Arizona license plate BAA 7C4.



## ATTACHMENT B

*Property to be seized*

1.  Any firearms, including firearms parts, frames, receivers, accessories, magazines, cases, boxes, holsters, firearm lights, firearm optics, and other firearm accoutrements;

2.  Any ammunition and components including, bullets, brass, casings, boxes, and cases;

3.  Any evidence of possession of firearms, to include gun boxes and transfer paperwork;

4.  Any and all illegal narcotics and drug paraphernalia.

5.  Drug ledgers, drug customer lists, drug inventory lists, weights and prices, dealer lists, criminal associates lists, or any notes containing the individual names of such persons, telephone numbers or addresses of these customers or dealers, and any records of accounts receivable, money paid or received, drugs supplied or received, cash received, or to be paid for controlled substances, or intended to be paid for controlled substances;

6.  Records from January 1, 2025, to present indicating occupancy, residency, rental or ownership of the search location, including utility and telephone bills, canceled envelopes, rental, purchase or lease agreements, and keys;

7.  Any and all records from January 1, 2025, to present pertaining to the rental of self-storage units and post office boxes or mailboxes;

8.  Electronic equipment associated to Miguel SANCHEZ by virtue of being on found on his person if he is present in the Subject Premises, or in the Subject Vehicle, during the execution of this warrant, or within a room solely occupied by Miguel SANCHEZ within the Subject Premises, including cellular telephones, computers, disks, thumb drives, and any media storage device, GPS devices and their memory, and related manuals used to generate, transfer, count, record or store the information described in this attachment. Search of such a device found on the person of Miguel SANCHEZ is authorized under this warrant.

9.     Any records and information from January 1, 2025, to present found within the digital contents of any electronic storage media seized within the scope of the preceding paragraph, including:

    a. all information related to the sale, purchase, receipt, shipping, importation, transportation, transfer, or possession of firearms and narcotics;

    b. all information related to buyers or sources of firearms and narcotics (including names, addresses, telephone numbers, locations, or any other identifying information);

    c. all bank records, checks, credit card bills, account information, or other financial records;

    d. all information regarding the receipt, transfer, possession, transportation, or use of firearm and narcotic proceeds;

    e. any information recording schedule or travel;

    f. evidence of who used, owned, or controlled the electronic storage media at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, correspondence, and phone books;

    g. evidence indicating how and when the electronic storage media were accessed or used to determine the chronological context of electronic storage media access, use, and events relating to crime under investigation and to the electronic storage media user;

    h. evidence indicating the electronic storage media user's state of mind as it relates to the crime under investigation;

    i. evidence of the attachment to an electronic storage medium of another storage device or similar container for electronic evidence;

j. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the electronic storage media;

k. evidence of the times the electronic storage media were used;

l. passwords, encryption keys, and other access devices that may be necessary to access the electronic storage media;

m. documentation and manuals that may be necessary to access the electronic storage media or to conduct a forensic examination of the electronic storage media;

n. records of or information about Internet Protocol addresses used by the electronic storage media;

o. records of or information about the electronic storage media's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any internet search engine, and records of user-typed web addresses; and

p. contextual information necessary to understand whether evidence described in this attachment is present within an electronic storage medium;

10. Records from January 1, 2025, to present relating to the receipt, transportation, deposit, transfer, or distribution of money, including but not limited to, direct deposit confirmations, wire transfers, cryptocurrency transfers, money orders, cashier's checks, check stubs, PayPal, Zelle or other electronic money transfer services, check or money order purchase receipts, account statements, and any other records reflecting the receipt, deposit, or transfer of money;

11. U.S. Currency and currency counters associated to Miguel SANCHEZ by virtue of being on found on his person if he is present in the Subject Premises during the execution of this warrant, or within a room solely occupied by Miguel SANCHEZ within the Subject Premises; and

12. As used in (and constrained by) this Attachment B, "information" includes all forms of creation or storage, including any form of computer or electronic storage to the extent authorized to be seized elsewhere in this search warrant (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as prints, slides, negatives, videotapes, motion pictures, or photocopies). This shall include records of telephone calls; names, telephone numbers, usernames, or other identifiers saved in address books, contacts lists and other directories; text messages and other stored communications; subscriber and device information; voicemails or other audio recordings; videos; photographs; e-mails; internet browsing history; calendars; to-do lists; contact information; mapping and GPS information; data from "apps," including stored communications; reminders, alerts and notes; and any other information in the stored memory or accessed by the electronic features of the computer, electronic device, or other storage medium.

13. This warrant authorizes a review of records and information seized, copied or disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the ATF may deliver a complete copy of the seized, copied, or disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

14. During the execution of the search of the electronic storage media described above, law enforcement personnel are authorized to (1) press or swipe the fingers (including thumbs) of any individual reasonably believed by law enforcement to be a user of the electronic storage media to the fingerprint scanner of the device; (2) hold a device found in front of the face of the same individual and activate the facial recognition feature, for the purpose of attempting to unlock the device in order to search the contents as authorized by this warrant.